UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 92 CR 640 -CR-HURLEY

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DARRYL BURKE

        Defendant.        /



## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the court on specific order of reference from United States District Judge Daniel T.K. Hurley to conduct an evidentiary hearing and file a report and recommendation with respect to defendant's alleged violation of supervised release. An evidentiary hearing was held June 8, 2010.

### THE PETITION

On December 28, 2002 a Petition was filed against the Defendant alleging:

1. Violation of Mandatory Condition: By failing to refrain from violation of the law. On or about August 15, 2002, the Defendant did commit grand-theft, in Miami-Dade County, Florida, contrary to Florida Statute 817.034 (3) (D), by submitting a forged lien satisfaction on a 2000 Mercedes Benz vehicle.

2. Violation of Standard Condition: By failing to submit a truthful and complete written monthly report, the defendant's August 2002, report contained false information regarding monthly income and information relative to employment, when in fact, the defendant received a check for $8,000 from Sonya Williams,

which the defendant failed to disclose on his report. Further, the defendant failed to disclose his employment activities negotiating and/or selling real estate properties.

3. Violation of Standard Condition: By failing to notify the probation officer within seventy-two (72) hours of any change of employment. On or about October 24, 2002, the defendant was found working at a construction site located at 15614 NW 2nd Ave, Miami, Florida. The supervised releassee failed to disclose and report the employment to this U.S. Probation Officer. Further, Mr. Burke left his approved employment at B & B roofing located at 658 NW 100 Street, Miami, Florida 33150, without permission of his probation officer.

4. Violation of Mandatory Condition: By failing to refrain from violation of the law. On or about November 14, 2002, in Miami-Dade County, Florida, the releassee was arrested by the Miami-Dade Police Department and charged with Fraud Involving a Security Interest (817.562 (2)(b), Title Fraud (319.33(1)(e), Dealing in Stolen Property (312.019) and Grand Theft Second Degree (312.034(3)(b), in violation of Florida Statutes.

## FINDINGS OF FACT

After the filing of the charging document the defendant absconded and was only arrested in May, 2011 for this offense. The original supervising officer, Omar Madruga, has retired and is unavailable as a government witness. The defendant's case was transferred to Officer Kristen Mouberg. She credibly testified as to the contents of the probation records. The records were admitted into evidence as a business record. (Govt Ex. 1).

Ms. Sonia Williams also credibly testified in this case. She explained that during the year

2000, she invested $15,000 with the Defendant. She had been a friend of the Defendant for several years and trusted him. According to Ms. Williams, the Defendant and his brother were to purchase a parcel of real estate and within several weeks return her invested monies along with a substantial profit. She gave the money to the Defendant in the form he requested, a $8,000 check and $7,000 cash. Ms. Williams never saw her money again.

Ms. Williams contacted local police in North Miami, Florida to see if they could assist in getting her money back. Ultimately, she discovered that the Defendant was on a federal probation and contacted Office Madruga. In that conversation, Williams advised Madruga that the Defendant was working on a building located at 15614 NW 2nd Ave. On October 24, 2002, the probation officer went to the location and confronted the Defendant.

According to the probation office records, Madruga concluded that Defendant had changed his authorized employment with B & B Roofing without permission. During the interview with the Defendant, he related that he "is not going to work as he is going to take care of his father's properties as he had some ailment." (Govt. Ex.1). The records do not reflect that Madruga contacted B & B Roofing to determine whether or not that the Defendant had quit or had been terminated as of the October 24, 2002 interview. Defense counsel produced a permit application dated August 29, 2002 submitted to Dade County by B & B Roofing to install a new roof at 15614 NW 2nd Ave. (Def. Ex. 1). Thus, it appears that at the time of the October 24, 2002 interview, it is more likely than not that the Defendant was working under the B & B permit on his father's building. Moreover, the statement attributed by the probation records to the Defendant was prospective rather than supporting a belief that the Defendant was no longer working for B & B Roofing as alleged in the Petition.

On October 4, 2002, Probation Officer Madruga also confronted the Defendant regarding

the claim by Ms. Williams that he had obtained monies from her in furtherance of a proposed real estate venture that he and his brother were engaged in. A portion of the probation records (Govt. Ex. 1) reflect that the Defendant denied receiving the $8,000 check as income. Rather, the defendant claimed that he merely cashed a check for Ms. Williams because she had no drivers license and he did not receive any income. The Court finds the testimony of Ms. Williams credible and rejects as incredible the statement made by the Defendant to his probation officer. In fact, the check provided by Ms. Williams was made payable to the Defendant and he failed to report the income as required. Likewise, the Defendant failed to report his employment activities negotiating and/or selling real estate properties to his probation officer.

The government was unable to produce sufficient evidence as to violations number 1 and 4. According to a proffer from the prosecutor, the Defendant purchased a 2000 Mercedes Benz in 2000 and financed the vehicle through the dealer. On August 15, 2002 he made, produced or obtained a fraudulent satisfaction of lien and gave the document to his then-wife. The wife then used the document to obtain a loan on the vehicle through another financial institution. On November 14, 2002 the Defendant was arrested in Miami-Dade County and charged with fraud involving a security interest. It is undisputed that the State of Florida announced a nolle prose the case. No testimony was elicited by the government as to the factual participation by the Defendant in the offense. Nor did the government explain by evidence or otherwise why the State of Florida elected not to proceed with the criminal case. The Court finds insufficient evidence to support a finding that Defendant is in violation of his supervision as to claims 1 and 4.

## LEGAL ANALYSIS

In order to revoke supervised release, the court must find by the preponderance of the evidence that the Defendant violated a condition of supervised release. See Johnson v United States,

529 U.S. 694,700, 120 S. Ct. 1795 (2000) (citing 18 U.S.C. Section 3583 (e)(3)); United States v. Poellnitz, 372 F.3d 562, 566 (3rd Cir. 2004) (stating, "the plain language of Section 3583 (e) (3) requires a finding by a 'preponderance of the evidence' that the defendant violated a condition of his supervised release"). All that is required is that the evidence reasonably satisfy the judge that the conduct of a probationer has not been as good as required by the conditions of probation. United States v. Robinson, 893 F.2d 1244, 1245 (11th Cir. 1990). The analysis of revocation proceedings relating to probation and supervised release are essentially the same. United States v. Morris, 140 Fed. Appx. 138, 142 (11th Cir. 2005).

Claims 1 and 4 relate to the Defendants alleged participation in a security interest fraud. The government introduced no direct evidence but relied upon a proffer announced by the prosecutor. Even had the proffer by the prosecutor in court been adopted as testimony by the probation officer in court, the evidence would still be insufficient to find the Defendant in violation as to claims 1 and 4. The probation officer could only testify as to the arrest by the State for submitting a fraudulent lien satisfaction relating to the Mercedes and the fact that the case was nolle prossed. The legal issue is whether, without factual evidence before the court as to the Defendants participation in a charged offense, the mere arrest without more is sufficient to violate his supervision?

Minimal due process protections apply in a supervised release proceeding. A conviction in State court is not required, but some factual evidence must be presented here to support a finding that the Defendant did commit the grand theft as alleged in claim 1 and that there was sufficient basis for a lawful arrest as alleged in claim 4. In United States v. Fiore, 405 Fed. Appx. 417, 2010 WL 5095861 (11 th Cir. 2010), a probationer was charged with a new law violation and the victim of the check forgery testified. The court continued the proceeding to allow the probationer to locate

a witness. Id. at 419-20. In the interim the defendant was hospitalized for metal health treatment and the state case had been nolle prosed. Id. Upon reconvening the revocation of supervision proceedings, the federal court found the defendant in violation of his supervision. Id. On appeal the Eleventh Circuit found that minimal due process requirements include: notice of the claimed violations, disclosure of evidence, an opportunity to be heard and present evidence, the right to confront witnesses, a neutral decision maker and a written statement of the evidence relied upon and the reasons for the revocation. Due process does not require proof of a criminal conviction. Id. at 421. In United States v. Edme, 2011 WL 1320480, (11 th Cir. 2011), a supervised releasee was charged with violating two state laws relating to possession and use of stolen debit cards and associating with a person engaged in criminal activity. Based upon the testimony of a police officer conducting a traffic stop, it was demonstrated that the releasee was driving a vehicle in which were two stolen debit cards. A passenger in the vehicle was found in possession of a list of persons and their social security numbers. Based upon this evidence and testimony, the court found the releasee in violation of supervision stating the defendant was involved with a person up to the "same old tricks" and upwardly departed n the sentence. On appeal the Eleventh Circuit found that the revocation was supported by sufficient evidence. Clearly, in both afore mentioned cases, the revocation was permissible where new crime evidence was supported by some factual basis. Even where a defendant is not charged in a state court for a particular offense, the supervising court may revoke supervision based upon conduct that the state official elected not to charge, so long as there is record evidence supporting that finding by a preponderance of evidence. United States v. Malloy, 394 Fed. Appx. 550, 2010 WL 3297229 (11th Cir. 2010).

    In the instant case, there is simply no evidence before this Court supporting a factual finding that the Defendant actually committed the new law violation relating to the Mercedes Benz as

alleged in claim 1. Based upon this record and in light of the state nolle prose, the Court does not find a factual basis to conclude that the arrest alleged in claim 4 constitutes a new law violation, either. Thus, the Court finds by the preponderance of the evidence that the Defendant is not in violation as alleged in claims 1 and 4.

Similarly, with respect to claim 3, there is insufficient evidence in the record that the Defendant failed to notify his probation officer of a change of employment. On or about October 24, 2002 the probation officer found the Defendant working at a building owned by his father. The defendant told the officer that his father was ill and that "he is not going to work as he is going to take care of his father's properties. " (Govt. Ex. 1, p.2). There is no record evidence that the Defendant was no longer employed at the moment with B & B roofing. In fact, the defense has produced evidence that the roofing company which employed the defendant had a permit for roof replacement at the subject building. Accordingly, the court finds by the preponderance of the evidence that the Defendant is not in violation of his supervision as alleged at claim 3.

In so far as claim 2, the credible and undisputed testimony of Ms. Williams does support a finding by the preponderance of the evidence that the Defendant is in violation of his supervision as alleged. Ms. Williams provided a check to the Defendant to use in the purchase of a piece of real estate. A copy of that check is in the probation office records and was made payable to the Defendant. Likewise, the credible evidence is that the Defendant took that money and did not return the principle or promised profit to Ms. Williams. The undisputed evidence is that the Defendant failed to report both the income from that illegal transaction or the fact that he was self-employed or employed with his brother in activities to negotiate and or sell real estate.

This Court finds by the preponderance of the evidence that the above findings of fact prove the Defendant is in violation of his supervision as to claim 2 . Accordingly, this Court

**RECOMMENDS** that the District court find the Defendant **GUILTY** of violating the terms of his supervised release as to claim 2. The Court further **RECOMMENDS** that the District court find the Defendant **NOT GUILTY** of violating his supervision as to claims 1, 3 and 4.

Pursuant to 28 U.S.C. §636(b)(1)(B)and (C), the parties shall serve and file written objections, if any, with the Honorable Daniel T. K Hurley, United States District Court Judge within fourteen (14) days from the date of this report recommendation.

**DONE AND SUBMITTED** in Chambers at West Palm Beach, Florida, this 10th day of June, 2011.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

Honorable Daniel T.K. Hurley
William Zloch, AUSA
Kristen Mouberg, USPO